Roda YONIS, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–73627.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 16, 2005.

Lorena Castrellon Vela, Panorama, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM ***

Roda Yonis, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying her applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Yonis contends that the IJ erred by finding that she did not establish past per-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**918**

secution or a well-founded fear of future persecution. We disagree. Substantial evidence supports the IJ's conclusion that Yonis failed to establish sufficient individualized harm or risk of future harm to be eligible for asylum based on past persecution or a well-founded fear of future persecution. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (recognizing that "[m]ere generalized lawlessness and violence" without a particularized risk to the petitioner is generally insufficient to support a claim of asylum); *see also Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("[d]iscrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act"). Moreover, on the record before us, Yonis did not establish that the Midgan caste in Somalia is subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A). Substantial evidence also supports the conclusion that Yonis failed to demonstrate a well-founded fear of persecution because she failed to show the "comparatively low" individualized risk required by *Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004).

Because Yonis did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Yonis has waived her claim for protection under CAT by failing to raise any arguments in her opening brief challenging the BIA's denial of this claim. *See Mar-*

*tinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

PETITION FOR REVIEW DENIED.